540 A.2d 986

Penn Equipment & Tool Corporation, Appellant *v.* Chatham 90, Inc. et al., Appellees.

Argued March 23, 1988, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

510

*Michael I. Markowitz,* for appellant.

*Andrew L. Horvath, Manion, McDonough & Lucas, P.C.,* for appellee, International Fidelity Insurance Company.

OPINION BY JUDGE BARRY, May 2, 1988:

Penn Equipment & Tool Corporation (Penn) appeals from an order of the Court of Common Pleas of Allegheny County which vacated a prior order directing the Urban Redevelopment Authority of Pittsburgh (URA) to pay over to Penn funds being held pursuant to a contract between the URA and Chatham 90, Inc. (Chatham).

Chatham entered into a contract with the URA for the construction of a project known as Broadhead Manor. Penn instituted an action against Chatham and International Fidelity Insurance Company (International Fidelity), which was Chatham's surety, to recover $14,175.99 that Chatham allegedly owed Penn for equipment provided by it for use on that project. Penn obtained a default judgment against Chatham for the full amount claimed after Chatham failed to file a responsive pleading to Penn's complaint. International Fidelity filed an answer to Penn's complaint in which, *inter alia,* it was alleged that the total amount which Chatham owed Penn did not exceed $8,916.49.

While the action between itself and International Fidelity was still pending, Penn instituted garnishment proceedings against the URA to recover the amount of

its default judgment against Chatham by garnishing funds constituting the final payment for the construction project, which were being retained by the URA due to the outstanding claims of various unpaid sub-contractors on the project, including Penn. After Penn obtained a garnishment judgment against the URA in the amount of $15,652.75, Judge R. STANTON WETTICK entered an order directing that the garnishment judgment against the URA be satisfied, absent objection by an interested party, within thirty days. International Fidelity filed a petition with the court seeking to set aside the garnishment. It alleged that the amount of the default judgment which Penn sought to satisfy by means of the garnishment was substantially greater than that which its records indicated Penn was owed. It also claimed that it had a prior subrogation right to the money held by the URA because, as surety, it had already incurred liability to pay valid claims of other materialmen and suppliers of Chatham and might incur further liability to other sub-contractors. Following a hearing on the matter, Judge WETTICK vacated the previous garnishment order against the URA. This appeal followed.

The issue raised by Penn in this appeal is whether the Public Works Contractors' Bond Law of 1967, Act of December 20, 1967, P.L. 869, 8 P.S. §§191-202, gives a contractor's surety priority over general creditors or judgment creditors to money owed to the contractor but retained by the public agency that contracted for the work due to the contractor's failure to pay all of its sub-contractors. This issue was considered by the trial court and was adequately addressed in the excellent opinion of Judge R. STANTON WETTICK. Accordingly, we affirm the order of the trial court on the basis of that opinion. *Penn Equipment & Tool Corp. v. Chatham 90, Inc.,* 135 P.L.J. 105,    D. & C. 3d    (1986).

512

### ORDER

NOW, May 2, 1988, the order of the Court of Common Pleas of Allegheny County, dated August 30, 1986, at AD5385-1985, is affirmed.